Efpraxia Pamela SALPOGLOU, Plaintiff,

v.

SHLOMO WIDDER, M.D.,
P.A., Defendant.

Civ. A. No. 95–10732–MEL.

United States District Court,
D. Massachusetts.

Oct. 26, 1995.

Efpraxia Pamela Salpoglou, Chestnut Hill, MA, Pro Se.

Stephen C. Bazarian, Newton, MA, for Plaintiff.

Paul M. McTague, Martin, Magnuson, McCarthy & Kenney, Boston, MA, for Defendant.

LASKER, District Judge.

Efpraxia Pamela Salpoglou sues Shlomo Widder, M.D., P.A., for medical malpractice and breach of contract. Widder moves to refer the case to a medical malpractice tribunal pursuant to Mass.Gen.Laws Ann. ch. 231, § 60B (West 1988). Salpoglou opposes the motion, arguing that the statute does not apply to a physician not currently licensed in the Commonwealth of Massachusetts.

Salpoglou currently resides in Massachusetts, and Widder's primary place of business is in Virginia. This court has found that Widder's contacts with Massachusetts are sufficient to subject him to the reach of this state's long-arm statute. Widder's own affidavit states that he left Massachusetts in 1983 and has since allowed his license to practice medicine here to lapse.

The statute at issue states that "Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician ... and an attorney...." Mass.Gen.Laws ch. 231, § 60B. Section 60B defines "a provider of health care" as:

> a person, corporation, facility or institution *licensed by the commonwealth* to provide health care or professional services as a physician, hospital, clinic or nursing home, dentist, registered or licensed nurse, optometrist, podiatrist, chiropractor, physical therapist, psychologist, or acupuncturist, or an officer, employee or agent thereof acting in the course and scope of his employment.

*Id.* (emphasis added).

Widder argues that the statute requires that the current case be referred to the tribunal. Salpoglou opposes the motion because Widder is not currently licensed in the Commonwealth of Massachusetts, and as such, is not "a provider of health care" as defined by Mass.Gen.Laws ch. 231, § 60B.

Widder replies that the statute should be read liberally as in the case of remedial legislation and that because he was once licensed to practice in this state, he should be protected by the statute.

While none of the cases cited by either party is directly on point, the statutory language favors Salpoglou's argument. *See, e.g., Perez v. Bay State Ambulance & Hospital Rental Service, Inc.,* 413 Mass. 670, 675, 602 N.E.2d 570 (1992) (holding that an ambulance company is not "a provider of health care"); *Rahilly v. North Adams Regional Hospital,* 36 Mass.App.Ct. 714, 721, 636 N.E.2d 280 (1994) (holding that a helicopter company is not "a provider of health care").

For the statute to apply, the defendant must be "a provider of health care" within the meaning of the law, and under the statute, no person or institution is "a provider of health care" unless he or it is "licensed by the commonwealth." Because Widder, by his own admission, is not presently licensed to practice medicine in this state, he is not a provider of health care under Mass.Gen. Laws ch. 231, § 60B. Accordingly, a medical malpractice tribunal review of Salpoglou's claims is not authorized. Massachusetts has narrowly tailored the definition of "a provider of health care" so that the statute would govern only the actions of its own doctors, in other words, those doctors currently licensed to practice in its state. The fact that Widder was once licensed as a physician as a physician in Massachusetts is of no moment. To construe the language of the statute to apply to those who have been licensed in the past, but no longer are, could produce, for example, the bizarre result that a physician or institution whose license expired, say, fifty years ago, would nevertheless be covered by the law. Such a result will not wash.

It is worth noting that even if Widder were to prevail in the malpractice tribunal, Salpoglou would still be entitled to return to this court with her claims.

Widder's motion to refer the case to a medical malpractice tribunal is denied.

It is so ordered.